(132 So. 601)

## EVANS v. STATE.
### 7 Div. 778.

Court of Appeals of Alabama.
Feb. 24, 1931.

J. A. Johnson, of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The chief of police found three quarts of whisky "in the ridges" about one-fourth of a mile from the public road. With the whisky ,was a man by the name of Matley Barnes. Some forty minutes after the finding of the whisky this defendant was arrested in the public road more than one-fourth of a mile from where the whisky was located. Witness then testified: "He had whisky on his breath: I am familiar with whisky. I believe it was the same whisky I smelled on Matley Barnes. It was the worst smelling whisky I ever smelled." On cross-examination this witness testified: "I did not search Kelt, he had it in him, I smelled his breath * * * I swear that Matley's breath smelled like Kelt's."

There are several exceptions reserved on admissions of testimony not necessary to be passed on here, in view of what shall follow.

There is no evidence in this case tending to prove that the defendant was in possession of the three quarts of whisky found in possession of Barnes. So that as to the three quarts the defendant was entitled to the general charge.

The question then arises, Can a man be convicted on a charge of possessing whisky where the only evidence tending to prove possession is: "He had it on his breath," and "Had it in him." Possession of whisky within the meaning of the prohibition law contemplates a control over the whisky, whereas when the whisky is in the man the whisky controls the man. This, we realize is reductio ad absurdum. The defendant may have been guilty of public drunkenness, but not of possessing whisky. The affirmative charge should have been given.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.